By the Court.—Curtis, J.
The plaintiff, in his-complaint, prays that the entry in the list of assessments, confirmed by the supreme court, recorded in the comptroller’s office, may be, so far as it affects his lots, canceled, and' removed as a cloud upon his title, and that the assessment made upon his lots may be adjudged void, and that the defendants be restrained from collecting such assessment and from taking any proceedings therefor by sale or otherwise. The suit was commenced May 28, 1873. The assessment complained of was confirmed July 5, 1872.
The legislature, by an act passed May 7, 1872, ch. 580, relating to local improvements in the city of New York, sought to remove objections arising from defects in the proceedings imposing assessments for such local improvements, and at section 7 of the act enacts as follows:
“§ 7. No assessment heretofore made or imposed, or which shall hereafter be made or imposed, for any local improvement or other public work in the said city, already completed or now being made or performed, shall hereafter be vacated or set aside for or by reason of any omission to advertise, or irregularity in advertising any ordinance, resolution, notice, or other proceeding relative to or authorizing the improvement or work for which such assessment shall have been made or imposed, or for proposals to do the work, or for, or by reason of the omission of any officer to perform any duty imposed upon him, or for or by reason of any defect in the authority of any department or officer upon whose action the assessment shall in any manner or to any extent depend ; or for or by reason of any omission to comply with or carry out any detail of any law or ordinance ; or for or by reason of any irregularity or technicality, except only in cases in which fraud shall be shown, and in cases of assessments for repairing any street or public place, upon *127 property for which an assessment has once been paid for paving the same street or public place ; and all property in said city benefited by any improvement or other public work already completed or now being made or performed, except as aforesaid, shall be liable to assessment for such- improvement or work ; and all assessments'for any such improvement or other public work shall be valid and binding, notwithstanding any such omission, irregularity, defect in authority, or technicality.”
The question arises as to what is the effect of this section 7 of the act of 1872, upon the power of the court to grant the relief sought by the complaint.
It has been held in Lennon v. Mayor, &c. of New York (55 N. Y. 361), that this enactment is not confined to abrogating the summary remedy afforded by the act of 1858, ch. 338, to vacate assessments, for irregularity, &c., but that it is a general prohibition applying not only to special proceedings, but to all suits commenced after January 1, 1872, and that it deprives the court of the power to grant the relief demanded in the complaint, viz. : that the assessment be declared void, and be canceled of record, and the defendants enjoined from collecting it. It appears to have been also held that this act of the legislature to deprive the courts of the power to give this relief, and the parties the benefit of this form of remedy, was constitutional and valid, and that although inconvenient to an owner to have an apparent lien upon his land, yet that he had no such constitutional right to the aid of a court of equity to remove such cloud upon his title, that the legislature might not deprive him of that particular remedy; but the court discriminatingly hold that if the assessment has not been effectually validated by this act of 1872, then the owner is protected by the constitution in resisting the taking of his property, or the *128 title of any purchaser who may claim by virtue of a sale had under it, or its collection.
This construction in Lennon v. Mayor, &c. of New York (55 N. Y. 361.), of the effect of section 7 of the act of 1872, upon the power of the court to grant the identical relief sought by the present plaintiff in Ms complaint, would seem to dispose of this action, unless there is something to remove it beyond the scope of that adjudication, so that the court may have power to grant the plaintiff the benefit of this form of remedy. It is true the court of appeals in Lennon v. Mayor (55 N. Y. 367), sustained the complaint so far as it' sought to restrain the execution of the lease in pursuance of a sale, but this was on the ground that the act of 1872 did not purport to give validity to sales made prior to its passage under void assessments, nor could it have that effect; but in the present case there has been no sale or attempt to sell prior to the act of 1872.
The legislature, by an act passed May 2,1874, have still further extended the provisions of section 7 of the act of 1872.
There has been no repeal of the act thus held to affect the powers of the court to grant the initiative, relief sought in this action.
It is claimed on behalf of the plaintiff, that section 7 of the act of 1872 is an attempt on the part of the legislature, to interfere with the judicial department, and with the rights of citizens to be protected by the courts, and ought to be strictly construed, and that this statute applies to mere matters of detail or regularity, not affecting any substantial right, and that the failure to post notices in hand-bills, was ah omission of one of the requisites for effecting service of process, and that this omission of itself was sufficient to take the case out -of the act of 1872, and that the effect of the various omissions was to render the proceeding substantially one -that was analogous to a judicial proceeding conducted *129 without service of process. The plaintiff farther claims that the act of 1872 did not deprive the court of jurisdiction to relieve against an assessment imposed by commissioners who bad no power to make it, and confirmed by a court having no jurisdiction, over either the proceedings, the persons, or the land assessed, by reason of fatal errors jurisdictional in character.
An assessment is but a mode of taxation within the scope of the legislative power, and is subject to be controlled by legislative action the same as any other taxation. The responsibility for it rests with the legislature and not with the courts. If it is oppressive, the people, who through their representatives impose it, control the remedy (People ex rel. Griffin v. Mayor of Brooklyn, 4 Com. 425).
It hardly seems to have been ever contemplated by the legislature, that parties upon whom any form of taxes may be imposed, shall have their liability affected by nice jurisdictional questions in respect to whether there has been a due service of notice in the nature of process upon them. To require this in all cases, might impose a burden and create exemptions, seriously militating with the public interest. But the plaintiff, even if the question as to notice to him was serious, must be regarded as having waived it by appearing and objecting to the assessment, and being heard.
In the verified objections presented by the plaintiff, it is claimed that the assessment laid on his property is too much. He does not contend but that he ought to pay some equivalent for the benefit conferred upon his property by the local improvement of Broadway. But the plaintiff by this action in effect seeks to escape all payment for this benefit to his individual property, and that the expense of it as far as he is •concerned, shall be thrown upon the city at large.
It appears that most of the other owners of orop *130 erty, that have been assessed for the benefit of this local improvement, have paid their assessments. The plaintiff’s suit in equity to be relieved of any payment of the assessment for the benefit, is one of a class of proceedings that the legislature may have conceived to be inequitable, and to have led to the abrogation of the remedy in equity as far as lay in their power, which is, of course, limited by the constitution.
It is shown that there were meetings of the commissioners at which not more than two of their number were in attendance. There was a majority report and a minority report, that brought before the court for consideration and confirmation, the respective views and conclusions of the three commissioners, who thus all three reported to the court, that could in its discretion act upon the views indicated. The determination of the supreme court at special term was reviewed by the general term, upon appeal, and affirmed.
It is not easy to say, in view of the act of 1873, and of the plaintiff’s appearing and course in the assessment proceedings, that there were errors now fatal to the assessment. Nor is it necessary to determine the questions, whether this assessment was void, or, if void, whether it was made valid by the acts of 1873, and 1874, or either of them. Looking at it from the plaintiff’s position, and conceding that it is, for the reasons-claimed on his part, an abortive attempt to impose an assessment, it appears to come within the views expressed by Rapallo, J., in Lennon v. Mayor (55 N. Y. 366), in rendering the opinion of the court, that such an attempt and the outstanding record of it, does not deprive a plaintiff of his property, although the apparent lien on his land may be inconvenient to him, and that he has no such constitutional right to the aid of a court of equity to remove such cloud, that the legislature may not deprive him of this particular-remedy, and that the legislature has deprived the courts, *131 of the power to give him the benefit of this remedy, and remitted him to the relief in which he is protected by the constitution when the pretended lien is sought to be enforced by the taking of his property, or to resisting its collection, or the title of any purchaser who may claim under it.
As yet no distinct step or action appears to have been taken in respect to collecting this assessment, except the entering of it in the office of the city comptroller among the entries of assessments confirmed, which is simply the outstanding record of it.
The pleadings and the evidence fail to show any other definite act than this in reference to it, so that this suit, on the part of the plaintiff, would seem to be premature at least, and no case shown entitling the plaintiff to the relief sought, unless some action has been taken that places it out of the ruling in Lennon v. Mayor (55 N. Y. 367), which remits him to assert rights secured by the constitution; and this seems to have been the view of the learned judge at special term, who also deemed that the plaintiff was entitled in this action to assert such rights in consequence of an admission on the part of the defendant at the trial here» after referred to.
It will be seen that the complaint alleges that the list of assessment as confirmed, has been recorded in the comptroller’s office, and that it is a lien and cloud upon plaintiff’s title, “and that the defendants are proceeding to collect” the same.
The answer in substance sets up that the assessment has been duly entered in the record of the comptroller’s office, and is a valid lien on the plaintiff’s title, and that it is the defendant’s duty to take proceedings for its collection, if it is not paid in conformity with the statutes; and by a general denial of all allegations in the complaint, not specifically admitted or denied, it puts in issue the plaintiff’s allegation that the defend *132 ants “are proceeding to collect ” the same. There appears to have been no evidence of any such proceedings.
The defendants’ counsel admitted, on the trial, “that proceedings have been taken towards its collection.”
This is a vague admission, that does not disclose a solitary act upon which a court of equity can exercise its discretion in granting an injunction or other equitable relief. It seems intended by implication to convey the idea to the court, that the plaintiff’s land has been advertised for sale, or that it has been sold, or that a lease is about to issue, in pursuance of Laws of 1871, oh. 381. But it is difficult to infer any of these acts, especially as the three years after confirmation of the assessment that must elapse before the comptroller can advertise the land for sale for non-payment of the assessment, had not expired when the suit was commenced.
A court is not called upon to grope in obscurity to find or to infer inequitable acts, or acts to be resisted where the case fails to show them. Looking carefully at the language of the pleadings and the admissions by the defendants, it seems that what are termed proceedings “ towards” the collection of the assessment in the admission made by the defendants, in reality consist in the entry of the assessment in the office of the comptroller of the city among the entries of assessments confirmed, which is the only actual proceeding shown to have been taken in respect to it, prior to the commencement of this action, and which, at most, constitutes simply the making of an “outstanding record ” of it.
This leaves the case one that is governed by the decision in the court of appeals referred to, where the right to the remedy sought, in the present form, and under the existing circumstances by the plaintiff, appears to have been carefully considered and deemed to have been abrogated as to this class of suits and proceedings commenced after January 1, 1872.
*133 The judgment appealed from should be reversed (and judgment absolute for the defendants), with costs.
Monell, Ch. J., concurred.